T.C. Summary Opinion 2009-37

UNITED STATES TAX COURT

ROBERT T. AND JENNIFER L. BAILEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6774-08S.                 Filed March 19, 2009.

Robert T. and Jennifer L. Bailey, pro sese.

<u>A. Gary Begun</u>, for respondent.

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).  We
shall grant respondent's motion.  Petitioners filed the petition
in this case pursuant to the provisions of section 7463 of the
Internal Revenue Code in effect at the time that petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioners resided in Michigan at the time they filed the petition in this case.

Petitioners purchased certain real property around March 18, 2005.  In order to make that purchase, in mid-February 2005 petitioner Jennifer L. Bailey (Ms. Bailey), who was born in 1975, requested a distribution from a qualified retirement plan known as Charfoos & Christensen P.C. 401K Plan & Trust in which she was a participant (Ms. Bailey's section 401(k) plan).  Petitioner Robert T. Bailey consented to Ms. Bailey's request for a distribution from Ms. Bailey's section 401(k) plan.  Sometime shortly after Ms. Bailey requested a distribution from Ms. Bailey's section 401(k) plan, and before March 31, 2005, she received a distribution of $7,527.20 from that plan (Ms. Bailey's section 401(k) plan distribution).

---

[1]Hereinafter, all section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners filed Form 1040, U.S. Individual Income Tax Return, for their taxable year 2005 (2005 return). In that return, petitioners included in gross income the $7,527.20 distribution that Ms. Bailey received from Ms. Bailey's section 401(k) plan. Petitioners did not report in the 2005 return that they are subject to the 10-percent additional tax imposed by section 72(t) on early distributions from qualified retirement plans (10-percent additional tax).

Respondent issued a notice of deficiency to petitioners for their taxable year 2005 (2005 notice). In that notice, respondent determined that petitioners are subject to the 10-percent additional tax with respect to Ms. Bailey's section 401(k) plan distribution.

In the petition, petitioners gave the following reasons for their disagreement with respondent's determination in the 2005 notice that petitioners are subject to the 10-percent additional tax on Ms. Bailey's section 401(k) plan distribution:

> We disagree because we used the money in a reinvestment into our house that we bought as first time home buy-ers. Our current mortgage is FHA.
>
> &ast; &ast; &ast; &ast; &ast; &ast; &ast;
>
> We used the money for home inspection and down payment. [Reproduced literally.]

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as

a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue of material fact regarding the question raised in respondent's motion.[2]

Sometime between mid-February and the end of March 2005, Ms. Bailey received a distribution of $7,527.20 from Ms. Bailey's section 401(k) plan. In their 2005 return, petitioners included that distribution in gross income. However, they did not report in that return that they are subject to the 10-percent additional tax with respect to Ms. Bailey's section 401(k) plan distribution.

In support of their disagreement with respondent's determination in the 2005 notice that they are subject to the 10-percent additional tax, petitioners alleged in the petition that they used Ms. Bailey's section 401(k) plan distribution in order to buy their first home.

Section 72(t)(1) provides:

SEC. 72. ANNUITIES; CERTAIN PROCEEDS OF ENDOWMENT AND LIFE INSURANCE CONTRACTS.

(t) 10-Percent Additional Tax on Early Distributions from Qualified Retirement Plans.--

(1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the

---

[2]Although the Court ordered petitioners to file a response to respondent's motion, petitioners failed to do so.

taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

Section 72(t)(2) provides certain exceptions to the 10-percent additional tax imposed by section 72(t)(1). As pertinent here, section 72(t)(2)(F) excepts from that tax the following:

(F) Distributions from certain plans for first home purchases.--Distributions to an individual from an individual retirement plan which are qualified first-time homebuyer distributions (as defined in paragraph (8)). Distributions shall not be taken into account under the preceding sentence if such distributions are described in subparagraph (A), (C), (D), or (E) or to the extent paragraph (1) does not apply to such distributions by reason of subparagraph (B).

The exception in section 72(t)(2)(F) applies only to certain "Distributions to an individual from an individual retirement plan". Section 7701(a)(37) defines the term "individual retirement plan" for purposes of the Code to mean an individual retirement account described in section 408(a) and an individual retirement annuity described in section 408(b). A retirement plan that is described in section 401(a) and (k) is not an individual retirement plan as defined in section 7701(a)(37).

It is undisputed that the distribution of $7,527.20 that Ms. Bailey received in 2005 was from Ms. Bailey's section 401(k) plan and that that plan is described in section 401(a) and (k). We conclude that Ms. Bailey did not receive a distribution from an individual retirement plan within the meaning of section 7701(a)(37). We further conclude that Ms. Bailey's section

401(k) plan distribution is not a distribution described in section 72(t)(2)(F) and that the exception in section 72(t)(2)(F) does not apply to that distribution.  We hold that for their taxable year 2005 petitioners are subject to the 10-percent additional tax with respect to Ms. Bailey's section 401(k) plan distribution.

We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

An appropriate order and decision for respondent will be entered.